# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2020

Lyle W. Cayce
Clerk

No. 20-50683

Texas Democratic Party; Democratic Senatorial Campaign Committee; Democratic Congressional Campaign Committee; Emily Gilby; Terrell Blodgett,

*Plaintiffs—Appellees*,

*versus*

Ruth Hughs, *in her official capacity as the Texas Secretary of State*,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No: 1:19-CV-1063
USDC No. 1:19-CV-1154

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.
Per Curiam:*

Plaintiffs sued the Texas Secretary of State Ruth Hughs, challenging the regulation of early voting polling places under § 85.064 of Texas's Election Code, as modified by Texas House Bill 1888. The Secretary moved

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

to dismiss and argued in part that she enjoyed sovereign immunity from Plaintiffs' claims. The district court denied the Secretary's motion, rejecting her sovereign immunity argument, and the Secretary subsequently filed this interlocutory appeal. Plaintiffs now move for summary affirmance of the district court's denial of immunity because the Secretary has some connection with the enforcement of § 85.064, making her a proper defendant under *Ex parte Young*.[1]

The reach of *Ex parte Young*, and in particular the scope of the Secretary's enforcement connection to various provisions of the Texas Election Code, has been the subject of many recent appeals before this Court. Our case law, however, has not conclusively established the bounds of the "some connection" requirement, with some panels finding some connection between the Secretary and a challenged provision and others concluding the opposite.[2] Because this is an issue that warrants fuller consideration by a merits panel, we cannot at this point say Plaintiffs' argument that the Secretary has the requisite connection to § 85.064 is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case."[3] We therefore deny Plaintiffs' motion for summary affirmance.

---

[1] 209 U.S. 123, 157 (1908).

[2] *See, e.g.*, *Tex. Democratic Party v. Abbott*, No. 20-50407, 2020 WL 6127049, at *6-7 (5th Cir. Oct. 14, 2020) (finding some connection to § 82.003); *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 401 (5th Cir. 2020) (same); *Mi Familia Vota v. Abbott*, No. 20-50793, 2020 WL 6058290, at *4-5 (5th Cir. Oct. 14, 2020) (finding no connection to §§ 43.007, 85.062, or 85.063).

[3] *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *see also Tex. Democratic Party v. Hughs*, 974 F.3d 570, 570-71 (5th Cir. 2020).